I concur in judgment only on the 1st A/E because the principle opinion seems to focus on the merits of the stop sign violation, i.e. did the state introduce sufficient evidence to establish beyond a reasonable doubt that the appellant violated R.C.4511.43 (A)? That is not the issue here no matter how much the appellant would like to convince us otherwise. Rather, the issue, for both the trial court and us, is whether the patrolman had a reasonable articulable suspicion that a traffic violation has occurred. See Dayton v. Erickson (1996), 76 Ohio St.3d 3
. To satisfy this relatively low threshold, the officer need not establish every element of the charged offense with the same certainty that would be required at trial. As we pointed out inState v. Hawes (March 26, 1996), Athens App. No. 95 CA 1681, unreported, the officer need only have a reasonable belief that the appellant ran the stop sign in order to justify the detention.
While the fact that the officer did not have the appellant in view the entire time might preclude a finding of guilt beyond a reasonable doubt, it does not negate a reasonable belief of the traffic violation. Likewise, the fact that the offense was observed through the rearview mirror at some distance might affect the persuasiveness of the officer's testimony at trial. Nonetheless, the officer's observation is clearly enough to satisfy the reasonable belief standard.
In sum, while the appellant's arguments might carry the day at trial, they fail here because the focus of our analysis is centered upon the low threshold of a reasonable belief, not the ultimate accuracy of that preliminary conclusion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment and Opinion as to Assignment of Error No. I; Concurs in Judgment Only with Opinion as to Assignment of Error No. II.
_______________________ David T. Evans, Judge